ORIGINAL

E-FILING

ADR

Filed

APR 18 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fees Paid
By Paul

OR
370

1  Michael W. Sobol (State Bar No. 194857)
   Eric B. Fastiff (State Bar No. 182260)
2  Nicole D. Reynolds (State Bar No. 246255)
   LIEFF CABRASER HEIMANN & BERNSTEIN LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA 94111
4  Telephone: (415) 956-1000
   E-mail: nreynolds@lchb.com
5  msobol@lchb.com
   efastiff@lchb.com
6
   Daniel R. Karon (to be admitted *pro hac vice*)
7  GOLDMAN SCARLATO KARON
   & PENNY, P.C.
8  700 W. St. Clair Avenue, Ste. 204
   Cleveland, OH 44113
9  Telephone: (216) 622-1851
   E-mail: karon@gskplaw.com
10
   Laura Killian Mummert (to be admitted *pro hac vice*)
11 GOLDMAN SCARLATO KARON
   & PENNY, P.C
12 101 E. Lancaster Ave., Ste. 204
   Wayne, PA 19087
13 Telephone: (484) 342-0700
   E-mail: mummert@gskplaw.com
14
   Attorneys for Plaintiff
15

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                   SAN JOSE DIVISION

19          CV 13-01751  HRL

20 ADAM SAVETT, individually and on        Case No. _____
   behalf of all others similarly situated,
21                                          **CLASS ACTION COMPLAINT**
                     Plaintiff,
22                                          **JURY TRIAL DEMANDED**
   v.
23
   COUPONS.COM, INC.,
24
                     Defendant.
25

26         Plaintiff Adam Savett, individually and on behalf of all others similarly situated, alleges

27 on personal knowledge, investigation of his counsel, and on information and belief as follows:

28

FAXED

1091023.2

CLASS ACTION COMPLAINT

**NATURE OF THE ACTION**

1.      Coupons.com is an internet-based business that illegally and deceptively sold "Daily Deals" gift certificates for a wide variety of goods and services that included expiration dates in violation of California Civil Code § 1749.5, which prohibits selling gift certificates with any expiration date.

2.      Coupons.com knew and profited from the fact that consumers were unlikely to redeem their gift certificates before they expired.  When this occurred, Coupons.com refused to refund the purchase price of the gift certificates unless consumers requested a refund within 30 days of purchase.  This practice violated California Civil Code § 1749.5, which requires the redemption of all gift certificates sold after January 1, 1997 at any time for their full cash value.

3.      In an effort to avoid California gift-certificate law, Coupons.com misrepresented that its "Daily Deals" were "promotional certificates" or "coupons," thereby misrepresenting that its gift certificates were something other than gift certificates.  But because Coupons.com sold its gift certificates for a specific price and issued them for a stated value or amount, they were unlike typical promotions or coupons and instead met the legal definition of gift certificates, subjecting them to California's prohibition on gift certificate expiration dates.

4.      On behalf of himself and the Class, Plaintiff brings this lawsuit against Coupons.com for violating California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); California's False Advertising Law, Cal. Bus & Prof. Code § 17500 *et seq.* ("FAL"); and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") (injunctive relief only).

5.      Plaintiff seeks restitution and other equitable relief on behalf of himself and the Class, including full refunds, injunctive relief, reasonable attorneys' fees and costs, and any

1  additional relief that this Court determines to be necessary or appropriate to provide complete

2  relief to Plaintiff and the Class.

3                                              **PARTIES**

4         6.      Plaintiff resides in Cuyahoga County, Ohio.  Coupons.com made offers to Plaintiff

5  for discounted products and services, and Plaintiff purchased Coupons.com gift certificates based

6  on Coupons.com's representations and claims.  The Coupons.com gift certificates that Plaintiff

7  purchased contained illegal expiration dates.

8         7.      Coupons.com, Inc. is incorporated under Delaware law and has its corporate

9  headquarters in Mountain View, California.  Coupons.com marketed, sold, and issued its

10  Coupons.com gift certificates to tens or hundreds of thousands of consumers throughout the U.S.

11                                   **JURISDICTION AND VENUE**

12        8.      This matter in controversy exceeds $5,000,000, as each member of the proposed

13  Class, which is believed to number at least in the tens of thousands, is entitled to restitution of the

14  purchase price of their gift certificates.  In addition, Plaintiff alleges a national class, which will

15  result in at least one Class member belonging to a different state.  Accordingly, this Court has

16  jurisdiction according to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

17        9.      This Court has personal jurisdiction over Coupons.com because Coupons.com is

18  headquartered in California; is authorized to do business and regularly conducts business in

19  California; and marketed, sold, and issued Coupons.com gift certificates in California.  Also,

20  Coupons.com's "Terms of Use" requires that the parties "submit to the exclusive jurisdiction" of

21  state or federal courts located in Santa Clara County, California and adds that California law

22  governs Plaintiff's claim against it.

23        10.     Venue is proper under 18 U.S.C. § 1965(a) because Coupons.com is headquartered

24  in Santa Clara County, California.  Venue is also proper under 28 U.S.C. §§ 1391(a) and (b)

1  because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

2  here. What's more, Coupons.com "Terms of Use" contains a venue-selection clause that requires

3  "any action at law or in equity arising out of or relating to these Terms of Use shall be filed and

4  adjudicated only in the federal or state courts located in Santa Clara County, California."

5

6  ## FACTUAL ALLEGATIONS

7       11.    Coupons.com sold "Daily Deals" via e-mail to consumers who subscribed to

8  receive these offers online. These Daily Deals required consumers to pay a purchase price for a

9  voucher, in exchange for which consumers purportedly received a discount on a variety of goods

10  and services. For example, for a $50 purchase price, a consumer might have purchased a 60-

11  minute massage purportedly "worth" $80. Upon information and belief, tens of thousands of

12  people nationwide purchased Daily Deals from Coupons.com.

13

14       12.    Coupons.com represented to consumers that it was able to offer them discounts

15  through the power of "collective buying." At the same time, Coupons.com convinced its retail

16  partner businesses, with whom it shared revenues, that these Daily Deals would attract new

17  customers.

18       13.    The expiration dates on Coupons.com's Daily Deals were prohibited by California

19  Civil Code § 1749.5 because Coupons.com issued the Daily Deals for a specific amount in

20  exchange for a payment.

21

22       14.    The Daily Deals did not constitute "awards, loyalty, or promotional program[s]" as

23  described by California law because "money or other thing of value [was] given in exchange for

24  the gift certificate by the consumer." Cal. Civ. Code § 1749.5(d)(1).

25       15.    Nevertheless, Coupons.com illegally and deceptively sold its Daily Deals gift

26  certificates with expiration dates and misrepresented to consumers that its Daily Deals were not

27  gift certificates but were instead "promotional certificates" or "coupons."

28

16.     If a consumer presented an unused gift certificate more than 30 days after purchase, Coupons.com refused to refund it.  This practice violated California law that provides "any gift certificate sold after January 1, 1997, is redeemable in cash for its cash value" at any time Cal. Civ. Code § 1749.5(b)(1).

17.     Coupons.com's practices harmed consumers.  For example, consumers who were unable to redeem their gift certificates, perhaps because the retail business offering the products or services could not accommodate such large numbers of consumers seeking to redeem identical certificates, were left without any recourse after only a short time had lapsed.

18.     Coupons.com relied on the fact that many consumers would not redeem their Daily Deals before these deals' short expiration dates and would instead either discard them or have the participating merchant decline them, despite having already paid for them.[1]  As a result, Coupons.com reaped huge profits at their customers' expense.

19.     As it did to thousands of other consumers, Coupons.com illegally and deceptively sold Plaintiff a Daily Deal certificate bearing an expiration date.

20.     On or about March 27, 2011, Coupons.com sent a Plaintiff a Daily Deal e-mail offer for Finish Line Car Wash gift certificates.

21.     Plaintiff does not recall Coupons.com informing him of any expiration date on the certificates in this offer.

22.     Based on Coupons.com's offer, Plaintiff bought two certificates costing $14.99 each, plus a shipping and handling fee of $1.50, for a total of $31.48.  For this payment, Coupons.com promised to send Plaintiff two gift certificates, each redeemable for three full-

---

[1] *See* Marcia Kaplan, *Daily Deals: A Good Investment for Merchants?*, Jan. 16, 2012, http://www.practicalecommerce.com/articles/3293-Daily-Deals-A-Good-Investment-for-Merchants (last visited on Apr. 3, 2013) ("One way merchants can make a profit is if a high percentage of people who buy the deals don't redeem them. Yipit estimates that about 20 percent of deals go unredeemed."); Kelli B. Grant, *10 Things Daily Deal Sites Won't Say*, Mar. 29, 2011, www.smartmoney.com/spending/deals/10-thing-daily-deal-sites-won't-say-1301404072442 (last visited on Apr. 2, 2013) (estimating that about 40% of deals go unredeemed).

service car washes (up to a $63.00 maximum value), four discounted wash packages at 50% off (up to a $42.00 maximum value), four discounted wash packages at 25% off (up to a $21 maximum value), and two discounted detail services at 25% off.

23.    Coupons.com sent Plaintiff an e-mail confirming his purchase and explaining that it would ship the certificates via USPS. Coupons.com did not inform Plaintiff of any expiration date on the certificates.

24.    The Finish Line Car Wash gift certificates that Coupons.com issued and sent to Plaintiff purported to expire on April 1, 2012.

25.    Plaintiff gave one of the gift certificates to a friend as a gift and kept the other certificate for himself. But he was unable to redeem the gift certificate he kept for himself before Coupons.com's April 1, 2012 purported expiration date. After this expiration date, Plaintiff reasonably believed that his gift certificate was no longer valid and that he could not redeem it.

26.    In the aforementioned manner, Coupons.com's actions harmed Plaintiff by causing him to lose money or property.

## CLASS-ACTION ALLEGATIONS

27.    Plaintiff brings this class-action lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28.    Plaintiff seeks certification of the following Class: All people in the U.S. who purchased or acquired a Coupons.com gift certificate with an expiration date. Specifically excluded from the Class are Coupons.com and any entities in which Coupons.com has a controlling interest, Coupons.com's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

29.    *Numerosity.* Plaintiff does not know the exact number of Class members but believes that the Class comprises tens of thousands, if not hundreds of thousands, of consumers

throughout the U.S.  As such, the Class is so numerous that joinder of all members is impracticable.

30.    **Commonality and predominance.**  Well-defined, nearly identical legal or factual questions affect all Class members.  These questions predominate over questions that might affect individual Class members.  These common questions include, but are not limited to, the following:

a.    Whether Coupons.com's Daily Deals were gift certificates under California law;

b.    Whether Coupons'com sold gift certificates with expiration dates in violation of California law;

c.    Whether Coupons.com engaged in deceptive and unfair business and trade practices by including expiration dates on its gift certificates and by refusing to provide refunds for these gift certificates' cash value unless requested within 30 days of purchase;

d.    Whether Plaintiff and Class members are entitled to restitution and other equitable relief; and

e.    Whether Coupons.com should be enjoined from engaging in this type of conduct.

31.    **Typicality.**  Plaintiff's claims are typical of class members' claims.  Plaintiff and the class members all sustained injury as a direct result of Coupons.com's illegal imposition of expiration dates on its Daily Deal gift certificates.

32.    **Adequacy.**  Plaintiff will fairly and adequately protect class members' interests.  Plaintiff has no interests antagonistic to Class members' interests, and he has retained counsel that has considerable experience and success in prosecuting complex class-action and consumer-protection cases.

33.     *Superiority*. A class action is the superior method for fairly and efficiently adjudicating this controversy for the following reasons without limitation:

        a.      Class members' claims are relatively small compared to the burden and expense required to litigate their claims individually, so it would be impracticable for Class members to seek individual redress for Coupons.com's illegal and deceptive conduct;

        b.      Even if Class members could afford individual litigation, the court system could not. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court; and

        c.      Plaintiff anticipates no unusual difficulties in managing this class action.

## COUNT I
### Violation of California Business & Professions Code § 17200 *et seq.*,

34.     Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

35.     Section 17200 of the California Business & Professions Code ("UCL") prohibits any "unlawful," "unfair," or "fraudulent" business practice.

36.     Coupons.com violated the "unlawful" prong of the UCL by selling and issuing gift certificates with expiration dates prohibited by California law, Cal. Civ. Code § 1749.5.

37.     Coupons.com's illegal and deceptive conduct was additionally "unlawful" in that it violated the CLRA, Cal. Civ. Code § 1750 *et seq.*

38.     Coupons.com's practice of selling and issuing gift certificates with illegal and deceptive expiration dates violated the "unfair" prong of the UCL because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff

1    and Class members.  Coupons.com's practice was also contrary to legislatively declared and

2    public policy and the harm it caused to consumers outweighed its utility.

3        39.    Coupons.com violated the "fraudulent" prong of the UCL by making material

4    misrepresentations and by failing to disclose material information regarding the true nature of its

5    Daily Deals gift certificates and the illegality of the expiration dates on its gift certificates.

6    Coupons.com's material misrepresentations and failure to disclose were likely to mislead the

7    public.

8        40.    Plaintiff relied on Coupons.com's material misrepresentations and nondisclosures,

9    and would not have purchased the gift certificates had he known the truth.

10       41.    As a direct and proximate result of Coupons.com's unfair, unlawful, and

11   fraudulent conduct Plaintiff lost money or property, including the money that he paid to purchase

12   his Coupons.com gift certificates and the stated monetary value of those gift certificates.

13       42.    Coupons.com's conduct caused substantial injury to Plaintiff and Class members.

14   Accordingly, Plaintiff seeks an order enjoining Coupons.com from committing such unlawful,

15   unfair, and fraudulent business practices and requiring Coupons.com to return the full amount of

16   money that Class members paid for their gift certificates.  Plaintiff also seeks attorneys' fees and

17   costs under Cal. Code Civ. Proc. § 1021.5.

## COUNT II
### Violation of California Business & Professions Code § 17500 *et seq.*,

43.    Plaintiff realleges and incorporates by reference every allegation set forth in the

preceding paragraphs as though alleged in this Count.

44.    Coupons.com committed acts of untrue and misleading advertising likely to

deceive the public, as defined in Cal. Bus. & Prof. Code § 17500, *et seq.*, by:

    a.    Falsely representing its Daily Deal gift certificates as "promotional

certificates" or "coupons";

b.       Failing to disclose that its gift certificates' expiration dates were illegal; and

c.       Falsely representing that consumers could obtain a cash refund for their gift certificates only if presented to Coupons.com within 30 days of purchase.

45.       Coupons.com's untrue and misleading advertising was objectively material, in that a reasonable consumer would have acted differently in the face of the truth.

46.       Plaintiff relied on Coupons.com's untrue and misleading advertising and would not have purchased the gift certificates had he known the truth.

47.       As a result of Coupons.com's untrue and misleading advertising, Plaintiff lost money or property, including the money he paid to purchase his Coupons.com gift certificates and the stated monetary value of those gift certificates.

48.       Coupons.com's conduct caused substantial injury to Plaintiff and Class members. Accordingly, Plaintiff seeks an order enjoining Coupons.com from such untrue and misleading advertising and requiring Coupons.com to return the full amount of money that Class members paid for the gift certificates.  Plaintiff also seeks attorneys' fees and costs as permitted by Cal. Code Civ. Proc. § 1021.5.

## COUNT III
## Violations of the Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*

49.       Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

50.       Coupons.com is a "person," as defined by Cal. Civ. Code § 1761(c).

51.       Plaintiff and the Class are "consumers," as defined by Cal. Civ. Code §1761(d).

52.       The gift certificates that Coupons.com sold constitute "goods" and "services," as defined by Cal. Civ. Code §1761(a) and (b).

53.     Plaintiff's and Class members' purchases of Coupons.com gift certificates constitute "transactions," as defined by Cal. Civ. Code § 1761(e).

54.     Plaintiff and Class members purchased Coupons.com's gift certificates for personal, family, and household purposes as meant by Cal. Civ. Code § 1761(d).

55.     Venue is proper under Cal. Civil Code § 1780(c) because Coupons.com has its principal place of business in this District.  Plaintiff's Declaration establishing that this Court has proper venue for this action is attached as Exhibit A.

56.     Coupons.com's actions deceived consumers in that these actions misrepresented, failed to disclose, or actively concealed (a) the true nature of Coupons.com's Daily Deals (by describing them as "promotional certificates" rather than as "gift certificates") and (b) the illegality of the expiration dates that Coupons.com imposed on its gift certificates.

57.     Coupons.com's misrepresentations, active concealment, and failure to disclose violated the CLRA in the following manner:

            a.      Coupons.com represented that its gift certificates had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

            b.      Coupons.com represented that its gift certificates were of a particular standard, quality, and/or grade when they were of another (Cal. Civ. Code § 1770(a)(7));

            c.      Coupons.com represented that its gift certificates conferred or involved rights, remedies, or obligations that they did not have, and Coupons.com failed to disclose that its gift certificates imposed expiration dates and other illegal and/or onerous terms (Cal. Civ. Code § 1770(a)(14));

            d.      Coupons.com inserted unconscionable provisions in its contract for purchasing gift certificates—specifically, illegal expiration dates and illegal requirements that consumers request refunds within 30 days of purchase (Cal. Civ. Code § 1770(a)(19)).

58.     The facts and information regarding Coupons.com's gift certificates and their

expirations dates that Coupons.com misrepresented, failed to disclose, and actively concealed to

Plaintiff and Class members were material because a reasonable person would have considered

them important in deciding whether or not to purchase the gift certificates and because

Coupons.com had a duty to disclose the truth.

59.     Plaintiff and Class members relied upon Coupons.com's misrepresentations and

nondisclosures regarding its gift certificates and their expiration dates and had Plaintiff and Class

members known the truth, they would have acted differently.

60.     As a direct and proximate result of Coupons.com's misrepresentations and

nondisclosures, Plaintiff and the Class have been irreparably harmed.

61.     On behalf of the Class, Plaintiff seeks injunctive relief in the form of an order

enjoining Coupons.com from imposing illegal expiration dates on gift certificates in the future as

well as attorneys' fees and costs.

62.     In accordance with Cal. Civ. Code § 1782(a), on April 17, 2013 Plaintiffs' counsel

served Coupons.com with notice of its CLRA violations by certified mail, return receipt

requested.  A true and correct copy of that notice is attached as Exhibit B.

63.     If Coupons.com fails to provide appropriate relief for its CLRA violations within

30 days of Plaintiffs' April 17, 2013 notification letter, Plaintiffs will amend this complaint to

seek compensatory and exemplary damages as permitted by Cal. Civ. Code §§ 1780 and 1782(b).

## PRAYER FOR RELIEF

1.      On behalf of himself and the Class, Plaintiff requests that the Court order relief

and enter judgment against Coupons.com as follows:

2.      An order certifying Plaintiff's proposed Class and appointing Plaintiff and his

counsel to represent the Class;

3.    An order that Coupons.com is permanently enjoined from its improper conduct and practices as alleged;

4.    A judgment awarding Plaintiff and Class members restitution, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Coupons.com obtained as a result of its unlawful, unfair, and fraudulent business practices and conduct;

5.    Pre-judgment and post-judgment interest;

6.    Attorneys' fees, expenses, and the costs of this action; and

7.    All other and further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 18, 2013                     Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _____
        Nicole D. Reynolds

Michael W. Sobol
msobol@lchb.com
Eric B. Fastiff
efastiff@lcbh.com
Nicole D. Reynolds
nreynolds@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000

Daniel R. Karon
karon@gskplaw.com
GOLDMAN SCARLATO KARON
& PENNY, P.C.
700 W. St. Clair Avenue, Ste. 204
Cleveland, OH  44113
Telephone:  (216) 622-1851

1

2
Laura Killian Mummert
mummert@gskplaw.com
3
GOLDMAN SCARLATO KARON
& PENNY, P.C
4
101 E. Lancaster Ave., Ste. 204
Wayne, PA  19087
5
Telephone:  (484) 342-0700
6
*Attorneys for Plaintiff*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
Nicole D. Reynolds (State Bar No. 246255)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
E-mail: nreynolds@lchb.com
msobol@lchb.com
efastiff@lchb.com

Daniel R. Karon (to be admitted *pro hac vice*)
GOLDMAN SCARLATO KARON
& PENNY, P.C.
700 W. St. Clair Avenue, Ste. 204
Cleveland, OH  44113
Telephone:  (216) 622-1851
E-mail: karon@gskplaw.com

Laura Killian Mummert (to be admitted *pro hac vice*)
GOLDMAN SCARLATO KARON
& PENNY, P.C
101 E. Lancaster Ave., Ste. 204
Wayne, PA  19087
Telephone:  (484) 342-0700
E-mail: mummert@gskplaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAM SAVETT, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DECLARATION OF ADAM SAVETT** |
| COUPONS.COM, INC., | |
| Defendant. | |

1    I, Adam Savett, hereby declare and state as follows:

2       1.    I am over the age of 18, and a Plaintiff in this action. The facts contained in this

3    declaration are based on my personal knowledge, and if called upon to do so, I could and would

4    testify competently hereto.

5       2.    The complaint in this action, filed concurrently with this declaration, is filed in the

6    proper place for trial under California Civil Code § 1780(d), because Coupons.com, Inc.'s

7    principal place of business is in this District.

8

9       I declare under penalty of perjury under the laws of the United States and the State of

10   California that the foregoing is true and correct.

11   Executed on April 16th, 2013, in Solen, Ohio                .

12

13

14                                   _____
                                                  Adam Savett

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

April 17, 2013

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Steven R. Boal, President and CEO
Richard Hornstein, General Counsel and CFO
Coupons.com, Inc.
400 Logue Avenue
Mountain View, CA 94043

Registered Agent for Service of Process
C T Corporation System
818 W Seventh St
Los Angeles CA 90017

Re:   <u>Notice of Violation of California Consumer Legal Remedies Act</u>

Dear Mr. Boal and Mr. Hornstein:

We represent Adam Savett, who purchased two Coupons.com "Daily Deals" gift certificates with purported expiration dates on March 27, 2011. We send this letter under the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA"), to notify Coupons.com that its sale of Daily Deals gift certificates with illegal expiration dates violated the CLRA and to demand that Coupons.com rectify its violations within 30 days of receipt of this letter.

Coupons.com sold to Ms. Savett and other consumers Daily Deal gift certificates with expiration dates prohibited by California Civil Code § 1749.5. On or about March 27, 2011, Coupons.com sent Mr. Savett a Daily Deal e-mail offer for Finish Line Car Wash gift certificates. Mr. Savett bought two certificates (one of which he gave to a friend) costing $14.99 each, plus a shipping and handling fee of $1.50, for a total of $31.48. The Finish Line Car Wash gift certificates that Coupons.com issued and sent to Mr. Savett purported to expire on April 1, 2012. Mr. Savett was unable to redeem the gift certificate he kept for himself before the purported expiration date.

Coupons.com misrepresented to Mr. Savett and consumers that its Daily Deals were "promotional certificates" or "coupons," but because they were sold in exchange for a payment, and because they were issued for a specified value, they were "gift certificates" under California law and thus subject to California's gift certificate law. *See* Cal. Civ. Code § 1749.5(d)(1).

April 17, 2013
Page 2

Coupons.com also misrepresented to Mr. Savett and consumers that they could not obtain refunds for any unused Daily Deal, unless the refund was requested within 30 days of purchase, even though California law requires that gift certificates be redeemable for their full cash value at any time. *See* Cal. Civ. Code § 1749.5(b)(1). Mr. Savett reasonably believed that he could not obtain a refund for his Daily Deal after its expiration, and was thus harmed by Coupons.com's misrepresentations.

Coupons.com's material misrepresentations and failures to disclose violated the CLRA in the following manner:

1. Coupons.com represented that its gift certificates had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

2. Coupons.com represented that its gift certificates were of a particular standard, quality, and/or grade when they were of another (Cal. Civ. Code § 1770(a)(7));

3. Coupons.com represented that its gift certificates conferred or involved rights, remedies, or obligations that they did not have, and Coupons.com failed to disclose that its gift certificates imposed expiration dates and other illegal and/or onerous terms (Cal. Civ. Code § 1770(a)(14));

4. Coupons.com inserted unconscionable provisions in its contract for purchasing gift certificates; specifically, illegal expiration dates and illegal requirements that consumers request refunds within 30 days of purchase (Cal. Civ. Code § 1770(a)(19)).

We demand that within thirty (30) days of receiving this letter, Coupons.com agree to (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) return all money Coupons.com's customers paid for unredeemed, expired Daily Deals. If Coupons.com refuses to provide the demanded relief within thirty (30) days, we will seek compensatory and punitive damages, restitution, and any other appropriate equitable relief.

We sincerely hope to confer with you to resolve these violations without the need for litigation. I invite you to contact me to discuss this demand at any time. I can be reached at (415) 956-1000 ext. 2230 or nreynolds@lchb.com. I look forward to hearing from you.

Very truly yours,

Nicole D. Reynolds

1040828.1

April 17, 2013
Page 2

Coupons.com also misrepresented to Mr. Savett and consumers that they could not obtain refunds for any unused Daily Deal, unless the refund was requested within 30 days of purchase, even though California law requires that gift certificates be redeemable for their full cash value at any time. *See* Cal. Civ. Code § 1749.5(b)(1). Mr. Savett reasonably believed that he could not obtain a refund for his Daily Deal after its expiration, and was thus harmed by Coupons.com's misrepresentations.

Coupons.com's material misrepresentations and failures to disclose violated the CLRA in the following manner:

1.   Coupons.com represented that its gift certificates had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

2.   Coupons.com represented that its gift certificates were of a particular standard, quality, and/or grade when they were of another (Cal. Civ. Code § 1770(a)(7));

3.   Coupons.com represented that its gift certificates conferred or involved rights, remedies, or obligations that they did not have, and Coupons.com failed to disclose that its gift certificates imposed expiration dates and other illegal and/or onerous terms (Cal. Civ. Code § 1770(a)(14));

4.   Coupons.com inserted unconscionable provisions in its contract for purchasing gift certificates; specifically, illegal expiration dates and illegal requirements that consumers request refunds within 30 days of purchase (Cal. Civ. Code § 1770(a)(19)).

We demand that within thirty (30) days of receiving this letter, Coupons.com agree to (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) return all money Coupons.com's customers paid for unredeemed, expired Daily Deals. If Coupons.com refuses to provide the demanded relief within thirty (30) days, we will seek compensatory and punitive damages, restitution, and any other appropriate equitable relief.

We sincerely hope to confer with you to resolve these violations without the need for litigation. I invite you to contact me to discuss this demand at any time. I can be reached at (415) 956-1000 ext. 2230 or nreynolds@lchb.com. I look forward to hearing from you.

Very truly yours,

Nicole D. Reynolds

1040828.1





U.S. POSTAGE ≫ PITNEY BOWES

ZIP 94111 $ 006.11⁰
02 1W
0001367029 APR 17 2013

CERTIFIED MAIL™

7012 2920 0002 2340 3933
7012 2920 0002 2340 3933

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 46 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | 6 11 |
| Total Postage & Fees | $ |

Postmark Here

3599

Sent To
Street or PO Box No.
City, S

Steven R. Boal, President and CEO
Richard Hornstein, General Counsel and CFO
Coupons.com, Inc.
400 Logue Avenue
Mountain View, CA 94043

Steven R. Boal, President and CEO
Richard Hornstein, General Counsel and CFO
Coupons.com, Inc.
400 Logue Avenue
Mountain View, CA 94043

**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven R. Boal, President and CEO
Richard Hornstein, General Counsel and CFO
Coupons.com, Inc.
400 Logue Avenue
Mountain View, CA 94043

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 2920 0002 2340 3933

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Certified Mail Provides:
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

Important Reminders:
- Certified Mail may ONLY be combined with First-Class Mail or Priority Mail.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047



U.S. POSTAGE >> PITNEY BOWES

ZIP 94111 $ 006.11⁰
02 1M
0001367929 APR 17 2013

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7012 2920 0002 2340 3926

U.S. Postal Service
CERTIFIED MAIL  RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Registered Agent for Service of Process
          C T Corporation System
Street,
or PO E   818 W Seventh St
City, Si   Los Angeles CA 90017

PS Form

Registered Agent for Service of Process
C T Corporation System
818 W Seventh St.
Los Angeles CA 90017

Lieff
Cabraser
Heimann&
Bernstein
Attorneys at Law

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Registered Agent for Service of Process
C T Corporation System
818 W Seventh St
Los Angeles CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 2920 0002 2340 3926

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail®.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making a claim.**

PS Form 3800, August 2006 (Reverse) PSN 7530-02-000-9047